[Johnson v. The State.]

# Johnson *v.* The State.

## *Arson.*

(Decided May 9, 1911.    Rehearing denied May 29. 1911.
55 South. 445.)

1. *Indictment and Information; Alternative Averment; Curing Defect.*—Where the indictment charged the burning of a barn or crib under section 6296, Code 1907, an objection thereto that the alternative charge of setting fire to or burning a crib did not charge an offense denounced by such section, was obviated by the action of the court in granting the defendant's motion to strike the word "crib" from the indictment, thus leaving a charge that the defendant willfully set fire to or burned a barn.

2. *Arson; Offense; Possession; Evidence; Variance.*—Where there was evidence tending to show that the person in whom the ownership of the burned barn was alleged in the indictment to be had full control, possession and management thereof, and of the land on which it was located, it was immaterial that the legal title to the land was in his wife, and that the person who was making a crop on the land on shares was using the barn.

3. *Same; Evidence.*—Where the defendant was indicted for burning a barn located on rented land, a question to a witness who was in possession of the barn at the time it was burned, as to what he did with the rent of the land when he collected it, was immaterial.

APPEAL from Shelby Circuit Court.

Heard before Hon. JOHN PELHAM.

Bob Johnson was convicted of Arson and he appeals. Affirmed.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellant. The court erred in overruling the motion to quash the indictment.—Sec. 6296, Code 1907; *Horton v. The State,* 60 Ala. 72; *Noble v. The State,* 59 Ala. 73. On these authorities it is insisted that the demurrers to the indictment were improperly overruled. It is further insisted that the ownership was improperly laid in Jim Albright.—*Hill v. The State,* 104 Ala. 64; *Fowler v. The State,* 100 Ala. 96; *Thomas v. The State,* 97 Ala. 3.

The ownership must be proven as alleged, else there is a fatal variance.—*Bowles v. The State,* 46 Ala. 204; *Martha v. The State,* 26 Ala. 72.

ROBERT C. BRICKELL, Attorney General, for the State. No brief came to the Reporter.

WALKER, P. J.—All the objections raised by the motion to quash the indictment and the demurrer to it were based upon the presence in the indictment of the word "crib"; the basis of the objections being that the alternative charge of setting fire to or burning a "crib" did not constitute a charge of the offense denounced by section 6296 of the Code of 1907, which makes a willful setting fire to or burning a "corncrib" arson. All support for these objections was removed when the court granted the motion of the defendant to strike the word "crib" from the indictment. The indictment, as it is set out in the record, charges that the defendant "willfully set fire to or burned a barn of Jim Albright," etc.; and the minute entry shows that, on the motion of the defendant, the objectionable word was stricken from the indictment as it was originally framed. So it plainly appears that the defendant was not put to trial on the indictment to which he had objected, but on the changed indictment, to which no objection was interposed by demurrer or otherwise. The objections raised by the motion to quash and the demurrer to the indictment in its orginal form were completely eliminated at the instance of the defendant himself.

There was evidence tending to show that Jim Albright, the person in whom the ownership of the barn was laid in the indictment, had full control of it, and that the land on which it was located was in his possession—that he was running it and had full management

of it. The further facts appearing from the evidence, that the legal title to the land was in the wife of Jim Albright, and that one Eli Harrison was making a crop on the land that year "on halves," and was using the barn and had his feedstuff in it, did not constitute obstacles to a proper finding by the jury from the evidence that Jim Albright had possession of the barn, the dominion over it, within the meaning of the allegation of ownership made in the indictment. The defendant was not entitled to the general affirmative charge in his behalf, on the ground of a variance between the allegation of ownership and the proof on that subject; the arson charged in the indictment being an offense against the possession rather than the property, and the averment of ownership in the indictment relating to the occupancy, the dominion in fact over the thing set fire or burned, rather than to the nature of the estate or claim of the occupant.—*May v. State,* 85 Ala. 14, 5 South. 14; *Bob Johnson v. State, supra,* 55 South. 268.

It was not error to sustain the objection made by the solicitor to the question propounded by defendant's counsel to the witness Albright as to what the latter did with the rents from the land when he collected them. His disposition of the rents had no bearing upon the issues before the court.

The record presents no other question for review.

Affirmed.

PELHAM, J., not sitting.