KIKER v. STATE.

2 Div. 592.

Court of Appeals of Alabama.

Nov. 24, 1936.

Rehearing Denied Dec. 15, 1936.

McKinley & McDaniel, S. W. Compton, and George Pegram, all of Linden, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

The objections raised to the affidavit and the complaint of the solicitor are hypercritical. The affidavit specifically charges the possession of prohibited beer and, under section 4621 of the Code of 1923, the charge, as stated both in the affidavit and in the complaint of the solicitor, charges an offense under the section of the Code just above mentioned.

The evidence on behalf of the State tended to prove constructive possession by the defendant of fourteen bottles of Sterling beer under such circumstances as to charge the defendant with a guilty knowledge of such possession. In the taking of testimony on this question, there were many objections and exceptions made and taken by the defendant, which we have here reviewed, and in none of them do we find reversible error.

There was no evidence in the case tending to prove that the defendant, at the time of the possession, knew the alcoholic content of the beer, and in his behalf numerous witnesses testified, without contradiction, to his good character.

On the completion of the testimony and at the request of the State's solicitor in writing, the court gave to the jury the following charge: "The Court charges the Jury if you believe the evidence in this case beyond a reasonable doubt you should find the defendant guilty as charged in the complaint." In connection with this charge and as a part of the court's oral charge, he instructed the jury: "I charge you, gentlemen of the jury that, under this evidence in this case, there is but one verdict that you can return, and that verdict is: We, the jury, find the defendant guilty as charged in the complaint filed by the Solicitor, and assess a fine against him of blank dollars—not less than Fifty Dollars nor more than Five Hundred Dollars; and one of your number sign the verdict as foreman." On the question of the good character of the defendant, the following occurred: Defendant's counsel asked the court to charge the jury to the effect of good character. The court: "Well, I won't charge that. Well, I will charge that., I will charge you, gentlemen, that when—that the defendant may put in evidence his good character, and that good character may be sufficient to generate a reasonable doubt, provided you consider it along with all the other evidence in the case. You can't separate it; and you can't acquit him because of his good character alone; but you may consider the fact he has a good

SAMFORD, Judge.

The charge was instituted in the county court by affidavit charging that the defendant had in his possession prohibited beer, which affidavit ended with the words "according to law." On appeal the solicitor filed complaint which charged that the defendant "within twelve months before the commencement of this prosecution did have prohibited beer in possession contrary to law, etc." Demurrers were interposed to the complaint, which demurrers were overruled.

character; but you have got to consider it along with all the other evidence in the case. All the other evidence in the case shows he is guilty as charged in the complaint; and there is but one verdict that can be returned; and that is a verdict of guilty." To these various excerpts as hereinabove set out, the defendant objected and excepted.

After the oral charge and before the jury retired, the defendant requested the court to give two written charges, as follows: "1. The court charges the Jury that, unless they are satisfied beyond a reasonable doubt from the evidence, of the defendant's guilt, they cannot convict him." And, "2. The Court charges the Jury that, if any one juror has a reasonable doubt of the defendant's guilt growing out of the evidence or any part thereof, then they cannot find the defendant guilty." The court refused to give either of these charges and refused to read the same to the jury and refused to mark on said charges either "given" or "refused" and refused to sign his name to such indorsement.

After conviction the defendant made a motion in arrest of judgment, setting up the various rulings hereinabove referred to, which motion was overruled, and both the motion and the order denying it are incorporated in the bill of exceptions.

■ 1. The general affirmative charge requested by the State was in the usual form, which has been approved in several decisions of this court and of the Supreme Court. However, this charge should never be given where there is any conflict in the evidence even in the slightest degree. In this case there was some evidence tending to prove that the beer found in the constructive possession of the defendant was not known to have been a prohibited beer by the defendant. Indeed and in fact, it required a chemical analysis by an expert chemist to ascertain the fact that the beer contained more than one-half of one per cent. alcohol. In this connection the undisputed, proven good character of the defendant was an evidentiary fact to be considered by the jury in determining his guilt or innocence. As was said by Brickell, Judge, in the case of Carson v. State, 50 Ala. 134: "It is the settled law of this State, that in all criminal prosecutions, whether for a felony or a misdemeanor, the accused may offer evidence of his previous good character, not only where a doubt exists on the other proof, but even to generate a doubt of his guilt." Felix v. State, 18 Ala. 720; Harrison v. State, 37

Ala. 154; Dupree v. State, 33 Ala. 380, 73 Am.Dec. 422; 16 Corpus Juris, 584 (1129). Following the foregoing authorities, this court has reaffirmed the same rule in Craven v. State, 22 Ala.App. 39, 111 So. 767; Puckett v. State, 24 Ala.App. 217, 133 So. 63. A defendant in this State on trial for crime enters upon his trial clothed with the presumption of innocence, and this presumption continues with him during and throughout the trial until the evidence for the State overcomes this presumption not only by a preponderance of the evidence, but by evidence which convinces the jury of the guilt of the defendant beyond a reasonable doubt.

■ 2. Even where the court is authorized to give at the request of the State the general affirmative charge with the necessary hypothesis, without which its giving would be error, such charge does not authorize a trial judge to go beyond its real meaning and to give to said charge qualifications or implications not contained in the charge itself. Section 9509 of the Code of 1923 provides: "Charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written." This section of the Code has been held not to prevent a trial court from proper explanations, but courts are not permitted to qualify or to modify the effect of the charge given by it to the jury. Callaway and Truitt v. Gay, 143 Ala. 524, 39 So. 277; Eiland v. State, 52 Ala. 322; Williams v. State, 113 Ala. 58, 21 So. 463. The additional instructions given by the court to the jury, to which exceptions were reserved, were clearly invasive of the jury's province and constitute error.

■ Under our administration of the criminal law, the jury is the final arbiter of the facts. Courts may instruct the jury as to the law of the case, but they may not instruct a jury as to what verdict they shall render in a criminal case on a given statement of facts.

■ 3. Under section 9509 of the Code of 1923, it becomes the duty of trial judges, when charges are moved for by either party in writing, to refuse or give such charges in the terms in which they are written and to mark such charges "given" or "refused" and to sign their names thereto. In the case of Barnewall v. Murrell, 108 Ala. 366, 18 So. 831, 833, Brickell Chief Justice, said: "If the presiding judge should refuse, on request, to express in writing the giving or refusal of instructions, and the party aggrieved should reserve an ex-

**310**

ception, the error would be cause of reversal, for the judge would have denied a right the statute confers, and deprived the party of the opportunity of revising in an appellate tribunal the correctness or incorrectness of the instructions." It is here insisted by the state that the defendant did not reserve exceptions to the refusal of the court to mark and sign the two charges indicated, and, in support thereof, they cite the case of Barnewall v. Murrell, supra; it may be noted that the learned justice, writing the opinion in the Barnewall Case, drew a distinction between the mere inadvertence on the part of the judge to mark and sign a requested written charge and his refusal to do so. In the instant case, no exception to the refusal of the judge was noted at the time, but the defendant did make a motion in arrest of judgment, setting up as grounds for the granting of the motion the error of the judge in refusing to mark the charges as was required by statute. This motion was denied and incorporated in the bill of exceptions.

We do not wish to be understood as passing upon the soundness of the principles announced in the two charges requested. That is not necessary here, nor would we be authorized to consider the charges requested without the indorsement and signature of the judge; but we are holding that on the trial the defendant was entitled to a right which has been denied him by the trial court.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.