172 So. 290

### KIKER v. STATE.

### 2 Div. 94.

Supreme Court of Alabama.

Jan. 23, 1937.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

George Pegram, of Linden, for respondent.

THOMAS, Justice.

• The petition for writ of certiorari to the Court of Appeals was filed by the State.

The several instructions given in writing and orally were in accord with the evidence in which there was no conflict. The fact recited by the Court of Appeals (172 So. 288)—"* * * there was some evidence tending to prove that the beer found in the constructive possession of the defendant was not known to have been a prohibited beer by the defendant"—when considered with evidence of the defendant's good character and when taken with the other evidence, did not create a conflict.

■ Good character alone is not sufficient evidence to generate a reasonable doubt, but must be considered along with the other evidence. The refusal of contrary instructions has been justified by this court. Carroll v. State, 17 Ala.App. 616, 88 So. 159; Pate v. State, 150 Ala. 10, 43 So. 343.

It is urged by the State that the rule of Miller v. State, 168 Ala. 100, 53 So. 278, to the effect that where a defendant's own evidence establishes his guilt, any error in refusing requested instructions is harmless, obtains. However, the defendant's testimony is neither set out nor the effect thereof found or stated by the Court of Appeals (172 So. 288).

■■ As we understand the holding of that court, it is that since there was no evidence tending to prove that the defendant, "at the time of the possession [of the prohibited liquor], knew the alcoholic content of the beer," and when taken with evidence of defendant's good character was sufficient to generate a reasonable doubt of his guilt. This is, in effect, an insistence that a defendant may prove his good character, and testify that he did not know the law of the case, though there was no dispute in the evidence as to the fact of his having a prohibited liquor or beverage and dealing with it contrary to law; that a case of conflict in the evidence is presented and ascertainment of the fact was for the jury. We do not adhere to such effect or statement of the law. The State's case was not dependent on the guilty intention of the defendant, but on the possession or sale of a prohibited liquor by defendant; that is, whether or not, under the undisputed facts, the defendant was guilty of violating the statute forbidding the doing of the specific act.

It is further stated by the Court of Appeals (172 So. 288):

"After the oral charge and before the jury retired, the defendant requested the court to give two written charges, as follows: '1. The court charges the Jury that, unless they are satisfied beyond a reasonable doubt from the evidence, of the defendant's guilt, they cannot convict him.' And, '2. The Court charges the Jury that, if any one juror has a reasonable doubt of the defendant's guilt growing out of the evidence or any part thereof, then they cannot find the defendant guilty.' The court refused to give either of these charges and refused to read the same to the jury and refused to mark on said charges either 'given' or 'refused' and refused to sign his name to such indorsement.

"After conviction the defendant made a motion in arrest of judgment, setting up the various rulings hereinabove referred to, which motion was overruled, and both the motion and the order denying it are incorporated in the bill of exceptions."

■■ Under section 9509 of the Code 1923, it was the duty of the trial court to give or refuse charges requested in writing, and to so indicate by writing "given" or "refused" thereon. If this is not done, the same may not be considered authoritative though they are included in the record. Berry v. State, 231 Ala. 437, 165 So. 97; Stinson v. State, 223 Ala. 327, 135 So. 571; Batson v. State ex rel. Davis, Solicitor, 216 Ala. 275, 113 So. 300; Birch v. Ward et al., 200 Ala. 118, 75 So. 566. There was no exception duly reserved by the defendant to this refusal of action pursuant to the statute by the trial court. Hence this failure of statutory compliance was not available to the defendant on appeal; and this action of the trial court was not efficacious for reversal at defendant's instance, as was done by the Court of Appeals.

The trial court was in error in directing the verdict, saying: "* * * there is but one verdict that can be returned; and that is a verdict of guilty."

As we have indicated above, the opinion of the Court of Appeals is corrected.

It results that the writ of certiorari is denied on the petition of the State, and the judgment of the Court of Appeals, as corrected, is affirmed.

Writ denied; corrected and affirmed.

All the Justices concur.