174 So. 313

## PORTER v. STATE.

### 6 Div. 1.

Court of Appeals of Alabama.

March 16, 1937.

Rehearing Denied April 6, 1937.

Perry & Powell, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The defendant, with whom there were two others, separately indicted, was charged with the larceny of an automobile, and, in the second count of the indictment, with buying, receiving, concealing, etc. This defendant on his trial was convicted under the second count of the indictment, largely upon the testimony of one of his confederates who testified to the taking and to the details of the crime. It is insisted by defendant that the testimony of this accomplice was not corroborated in such manner as would authorize a conviction, and that therefore the defendant was entitled to the general charge, which was refused. We find no difficulty in arriving at the conclusion that there was ample evidence corroborating the testimony of the accomplice so as to authorize the verdict of guilty. Facts and circumstances testified to by other witnesses connected this defendant with the crime in such manner as to render the testimony of the accomplice admissible for consideration by the jury in arriving at its verdict.

We find the following as a part of the bill of exceptions: "The Court: 'Make a note of this, Mr. Reporter, that after the Court commenced his oral charge to the jury the defendant presented twelve written charges, Nos. 1 to 12, inclusive, which under the rules of this Court, the Court refuses to pass on or give to the jury, and the defendant excepts.'" What the rules of the circuit referred to contain this court is not advised, as they nowhere appear in the bill of exceptions; but, whatever they are,

or may be, they could not change the rule of practice as provided by the Legislature of this State and contained in section 9509 of the Code of 1923, which declares: "Charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written; and it is the duty of the judge to write 'given' or 'refused,' as the case may be, on the document, and sign his name thereto; which thereby becomes a part of the record."

▮ We do not, by this opinion, intend in any way to limit the inherent right of courts of general jurisdiction to make such rules as are necessary in the dispatch of business in said courts, but it is within the power of the Legislature, subject to such provisions as may be incorporated in the Constitution, to establish rules of procedure, by which courts shall exercise jurisdiction and conduct the trial of cases, and where a positive rule of practice is established by statute, the courts have no discretion in the matter. 15 Corpus Juris, 901 (275).

▮ Nor is it within the power of a nisi prius court to fix any particular time during the progress of the trial at which written charges moved for by either party must be presented to the judge for his consideration, but, upon presentation to him, it becomes his duty to consider such charges; and, at some time prior to the retirement of the jury to consider the case, he must mark such charges either "given" or "refused" as required by the statute.

▮ This statute was designed to prevent arbitrary rulings of trial judges and must be given its full meaning, and without limitation, otherwise it would fail of its purpose. When a judge fails to comply with this statute, he denies a right conferred by law and deprives the party of the opportunity of revising in an appellate tribunal the correctness or incorrectness of the requested instructions. Barnewall v. Murrell, 108 Ala. 366, 18 So. 831; Kiker v. State, ante, p. 306, 172 So. 288.

▮ The Attorney General calls our attention to charges 1 to 12, upon which the court declined to act, but, under our decisions, we cannot consider these charges one way or the other.

The other questions presented will probably not arise on another trial, but, for the error pointed out, this judgment must be reversed and the cause remanded.

Reversed and remanded.