174 So.' 315

### GLENN v. STATE.

6 Div. 996.

Court of Appeals of Alabama.
March 23, 1937.

Rehearing Denied April 6, 1937.

See, also, ante, p. 102, 166 So. 437.

Perry & Powell, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The first count of the indictment charged this appellant with the offense of burglary; specifically, that with intent to steal, he broke into and entered · the dwelling house of B. C. Johnston, etc. The indictment contained another count charging the defendant with receiving, etc., certain specified articles aggregating in value $130, the personal property of B. C. Johnston, knowing that it was stolen from a dwelling house and not having the intent to restore it to the owner, etc.

The conviction of this appellant, in the lower court, was rested upon the first count which charged burglary.

Numerous exceptions were reserved to the court's rulings pending the trial of this case, and appellant has assigned errors based upon eighteen separate and distinct grounds.

One of the principal insistences of error, on this appeal, is the action of the · trial court in refusing to consider and pass upon the 23 special written charges presented to the court as provided in section 9509 of the Code of Alabama 1923.

The pertinent portion of said section 9509, in this connection, reads as follows: "Charges ·moved for by either party must be in writing, and must be given or refused in the terms in which they are written; and it is the duty of the judge to write 'given' or 'refused,' as the case may be, on the document, and sign his name thereto; which thereby becomes a part of the record."

In this case the record discloses the following occurred:

"The Court: Mr. Perry, how many written charges have you?

"Mr. Perry: I have several here, but there is a motion I want to make, if your Honor please.

"The Court: Mr. Reporter, take this: Under the rule of the Circuit Court, giving the Judge the right to limit the written charges, the Court being handed 23 charges, refused to consider all charges except 6, which the defendant's counsel may present for the consideration of the Court, and he excepts to. the ruling of the Court on that statement of the Court.

"Mr. Perry: Now, if the Court pleases, we want the record· to show that at this juncture, when the Court made that statement, I had already presented 23 written charges, which the law gives us the right to do, and his Honor tells us we can present 5 of these besides the general charge. We insist on their consideration by the Court, and the giving by the Court if found to be valid, all of the separate and several written charges, 1 to 23.

"The Court: Overruled.

"Mr. Perry: And we except to the court's ruling, separately and severally.

"Mr. Perry: Now .the court limits me to how many charges?

"The Court: The general charge and five others.

"Mr. Perry: And again we except to your Honor's ruling.

"Mr. Perry: To keep the record straight we want to offer these charges to the court. Now, we will take No. 1—

"The Court: Mr. Reporter, take this: The defendant's counsel, after giving the court 6 written charges, the general charge and 5 others, under the rules of the court, and after the ruling of the Court, the defendant's counsel tenders the following charges to the court, and requests that they be given as part of the oral charge. The court refuses to receive or consider said charges, and the defendant excepts separately and severally to the ruling of the court.

"Mr. Perry: All right. Now, may we have these identified?

"Said charges referred to which the Court refused to consider were identified and were in words and figures as follows:"

Then follows in the bill of exceptions the seventeen charges which the court declined to mark "given" or "refused."

■ In this ruling the court committed error to a reversal.

■ ■ The question involved is one of procedure, and the law gives to the Legislature the power to establish the procedure by which courts shall exercise their jurisdiction (subject to such provisions as may be incorporated in the Constitution),

and where, as here, a positive rule of practice is established by statute, the courts have no discretion in the matter, and a rule of the court cannot prevail as against the express terms of the statute. In our recent case of Porter v. State, post, p. 441, 174 So. 313, this court said:

"We find the following as a part of the bill of exceptions: 'The Court: "Make a note of this, Mr. Reporter, that after the Court commenced his oral charge to the jury the defendant presented twelve written charges, Nos. 1 to 12, inclusive, which under the rules of this Court, the Court refuses to pass on or give to the jury, and the defendant excepts."' What the rules of the circuit referred to contain this court is not advised, as they nowhere appear in the bill of exceptions; but, whatever they are, or may be, they could not change the rule of practice as provided by the Legislature of this State and contained in section 9509 of the Code of 1923, which declares: 'Charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written; and it is the duty of the judge to write "given" or "refused," as the case may be, on the document, and sign his name thereto; which thereby becomes a part of the record.'

"We do not, by this opinion, intend in any way to limit the inherent right of courts of general jurisdiction to make such rules as are necessary in the dispatch of business in said courts, but it is within the power of the Legislature, subject to such provisions as may be incorporated in the Constitution, to establish rules of procedure, by which courts shall exercise jurisdiction and conduct the trial of cases, and where a positive rule of practice is established by statute, the courts have no discretion in the matter. 15 Corpus Juris, 901 (275).

"Nor is it within the power of a nisi prius court to fix any particular time during the progress of the trial at which written charges moved for by either party must be presented to the judge for his consideration, but, upon presentation to him, it becomes his duty to consider such charges; and, at some time prior to the retirement of the jury to consider the case, he must mark such charges either 'given' or 'refused' as required by the statute.

"This statute was designed to prevent arbitrary rulings of trial judges and must be given its full meaning, and without limitation, otherwise it would fail of its purpose. When a judge fails to comply with this statute, he denies a right conferred by law and deprives the party of the opportunity of revising in an appellate tribunal the correctness or incorrectness of the requested instructions. Barnewall v. Murrell, 108 Ala. 366, 18 So. 831; Kiker v. State [27 Ala.App. 306] 172 So. 288."

Other questions are presented upon this appeal, the propositions of law involved in these questions are elementary, and as the case must be reversed and remanded as above indicated, there appears no necessity to write specifically to each of the assignments of error as in all probability upon another trial numbers of the questions will not arise.

Reversed and remanded.