176 So. 828

## LEE v. STATE.

### 6 Div. 37.

Court of Appeals of Alabama.
May 25, 1937.

Rehearing Denied June 15, 1937.

Jim Gibson, of Birmingham, for appellant.

verted the issue, and numerous people testified as to the appellant's good character."

Said count 2 of the indictment followed the form outlined in Code 1928, § 3289, and was sufficient against demurrer.

Proof that appellant occupied the house alleged to have been burned as tenant —not owner—met the requirements of the law; to the end that appellant was not entitled to have the jury given at his request the general affirmative charge to find in his favor as for a variance between the allegata and probata—the said count 2 of the indictment having charged that appellant "willfully set fire to or burned * * * a dwelling house, *the property of himself.*" (Italics ours.) Johnson v. State, 1 Ala.App. 148, 55 So. 268; Id., 1 Ala.App. 151, 55 So. 445. As was said by the then Presiding Judge Walker, in the opinion in the first of the cases just cited: "Under our statutes, as was the case at the common law, arson is an offense against the possession, rather than the property."

The exceptions reserved on the taking of testimony appear to us so clearly without merit as to need no detailed discussion.

The issues were properly, fairly, and under correct instructions by the court, submitted to the jury for its decision. The evidence amply supported its finding.

The most, as we read the record, the only, serious question presented arises out of the action of the learned trial judge which we will now discuss.

The bill of exceptions recites the following, to wit:

"Before the argument to the jury by the state and defense counsel, defense counsel tendered to the court 25 written requested charges. And the court limited defense counsel to 12 charges, that he would consider in the case; 12 charges were selected by defendant's attorney, and were tendered to the court and passed on by the court. The court refused to consider or pass on the other 13 charges under the court rules of the Tenth judicial circuit of Alabama, allowing the court to limit the number of written charges. The court refused to limit (consider) or sign said thirteen written charges 'given' or 'refused.' The defendant in open court and in the presence and hearing of the Jury, at said time, duly and legally excepted to the ruling of the court in refusing to consider separately and severally the 13 written charges.

A. A. Carmichael, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

RICE, Judge.

We will accept just as written by his resourceful attorney appellant's own statement of the case presented, to wit:

"The appellant, C. W. Lee, was indicted for arson and was convicted under count 2 of the indictment. It was the contention of the state that the appellant, C. W. Lee, burned the house in which he was a tenant for the purpose of defrauding the insurance company who carried the fire insurance on appellant's furniture and personal effects; the appellant denied this and contended that he and his family were at a motion picture show at the time the house burned; there were no eyewitnesses to the burning of the house, but the state introduced in the evidence a purported confession, alleged to have been made by the appellant, which appellant testified that he signed same because his wife and children were threatened. The state's testimony, with the exception of the alleged confession, was made out purely by circumstantial evidence and defendant's witnesses strenuously contro-

"The rule of the court hereinabove referred to is as follows:

" 'The trial court may limit parties to a reasonable number of such charges.' Said rule was regularly adopted at a regular meeting of the judges of the Tenth judicial circuit of Alabama on February 7, 1936. * * *

"One of the 12 charges selected by defense counsel and submitted to the court in compliance with the court's ruling limiting defense counsel to 12 charges, which was duly requested in writing by defense counsel in the presence and hearing of the jury is as follows: '25.' The court charges the Jury that before the alleged confession could be considered legal evidence against this defendant in this case, it must have been made voluntarily by the defendant and not as the result of fear, promises, or hope of reward. And I further charge you, gentlemen of the jury, if you believe that the defendant signed the alleged confession involuntarily and by reason of the officers statement to him, that his wife and children would be put in jail, if he did not. Then, gentlemen of the Jury, you should not consider said alleged confession in reaching your verdict in this case.

"The trial court failed or refused in passing on said written requested charge, to mark some 'given' or 'refused' and the only mark said trial court showed on said charge, is as follows: 'J. Q. Smith, Judge.' "

It was, of course, error on the part of the court to decline to consider and indorse "given" or "refused" the written charges mentioned in the first of the two excerpts we have quoted from the bill of exceptions. Kiker v. State, ante, p. 306, 172 So. 288.

But as was well said by Bricken, P. J., in the opinion in the case of Jerry Collins v. State (Ala.App.) 176 So. 219,[1] "Certainly erroneous charges requested by defendant and not passed upon could not avail the defendant in any manner." In this Jerry Collins Case the written charges requested, and which the trial court refused to pass upon and indorse either "given" or "refused," were embodied in the bill of exceptions, with an exception noted to each such refusal (i.e., refusal to *consider* the charge). In such situation Judge Bricken, for the court, very properly, we yet think, proceeded to examine each of said charges with a view to determining whether or not

the *undoubted error* on the part of the trial court was or was not prejudicial to appellant.

Here, only *one* of the written charges which the trial court declined to pass upon is set out in the bill of exceptions. An examination of this charge reveals that the trial court would have been under no duty to *give* it, even if he *had* considered it, this for the reason that the substance of said charge was amply covered by and included in other written charges *given* at appellant's request, in connection with the trial court's oral charge—*assuming,* only for the purpose, that said written charge was not defective.

As for the *other* written charges mentioned in the *first* of the two excerpts we have quoted from the bill of exceptions, they, not appearing in the bill of exceptions, as was the case in Jerry Collins v. State, supra, and not being indorsed "given" or "refused," are not before us for any purpose. Kiker v. State, 233 Ala. 448, 172 So. 290. And this is true even though there appears on a page in the transcript of the record, proper, a number of purportedly "written charges," unindorsed in any way, under a general caption at the head of said pages, as follows, to wit: "Charges presented by defendant and not ruled on by the court."

Said written charges not being before us, we are, of course, unable to say that the declination of the court to pass upon them —or upon any one of them—"probably injuriously affected substantial rights" of the defendant (appellant). In which event we are, of course, forbidden to order a reversal of the judgment of conviction therefor.

Some confusion seeming apparent in this matter of "requested written charges" in the circuit courts—especially in Jefferson county (the circuit court in no other, so far as we are advised, having undertaken to adopt a rule *limiting* the number of same)—we will here undertake a summary or epitome of what this court, in connection with, and by the approval of, the Supreme Court, lays down as the law governing, to wit:

(1) It is error for the trial court to refuse to govern itself by the provisions of Code 1923, § 9509—"rule," or no "rule." Kiker v. State, supra; L. B. Porter v. State (Ala. App.) 174 So. 313[2]; James Ed Glenn v.

---

[1] Ante, p. 499.   [2] Ante, p. 441.

State (Ala.App.) 174 So. 315 [3]; response by Supreme Court to certification by Presiding Judge C. R. Bricken, Porter v. State, 234 Ala. 11, 174 So. 311; Jerry Collins v. State, supra.

(2) But whether such error on the part of the trial court in declining to consider and indorse "given" or "refused" upon written requested charges to the jury is or is not reversible error depends upon whether or not said written requested charges should have been *given* to the jury. Authorities, supra, especially Jerry Collins v. State (Ala.App.) 176 So. 219.[4]

(3) Rule 45 of the Supreme Court applies in its full vigor to criminal cases on appeal. Slayton v. State, 234 Ala. 9, 173 So. 645; Jerry Collins v. State, supra.

(4) If the written charges which the trial court declines, erroneously, to consider and indorse "given" or "refused" are embodied in the bill of exceptions, showing, as to each, whether or not exception was reserved to the action of the court, we will consider said charges and reverse or affirm the judgment appealed from according to whether or not it is shown that appellant was "probably injuriously affected" in his rights by the action of the trial court. Jerry Collins v. State, supra; Supreme Ct. Rule 45.

(5) If the written requested charges which the trial court erroneously declined to consider and indorse "given" or "refused" are not so set out as above in the bill of exceptions, we cannot consider them, ourselves, for any purpose. Kiker v. State (Ala.App.) and Kiker v. State (Ala.Sup.), supra.

(6) Being unable to consider them, we, of course, could not say that their refusal, or the refusal of any of them, "probably injuriously affected substantial rights" of the party asking them. In which event we could not, by virtue of Supreme Court Rule 45, order a reversal of the judgment appealed from because of the named action of the court. Jerry Collins v. State, supra.

The judgment here appealed from is affirmed.

Affirmed.

SAMFORD, Judge (dissenting).

It is with considerable reluctance that I find myself in disagreement with my associates as to the proper application of Supreme Court Rule 45 in this case. I am in agreement with the majority, that the refusal of the presiding judge to mark certain written charges, requested by the defendant, either given or refused as so presented, and to sign his name thereto, constitutes error. All of the decisions cited by Judge RICE in the majority opinion hold to this view. The only point of difference between us lies in the fact that the majority holds to the view that as the charges are not a part of the record, we are limited to a consideration of the record, exclusive of the charges, and so considering the record we may say, that the ruling of the court in excluding the charges was error without injury.

I cannot see it that way. Brickell, Chief Justice, in the case of Barnewall v. Murrell, 108 Ala. 366, 18 So. 831, 833, said: "If the presiding judge should refuse, on request, to express in writing the giving or refusal of instructions, and the party aggrieved should reserve an exception, the error would be cause of reversal, for the judge would have denied a right the statute confers, and deprived the party of the opportunity of revising in an appellate tribunal the correctness or incorrectness of the instructions." That is just exactly what happened in this case. The instructions were presented, the presiding judge deliberately refused to pass upon them in the face of a statute requiring him to do so, an exception was reserved to this action, and the defendant was thereby deprived of the right, given him by law, to have these charges reviewed by an appellate court.

Not being a part of this record, these charges cannot be considered on appeal. They may not even be looked to, to see whether or not they declare correct rules of law. Sharpley v. State, 18 Ala.App. 620, 93 So. 210; Batson v. State, 216 Ala. 275, 113 So. 300; Davis v. State, 18 Ala. App. 482, 93 So. 269; Carroll v. State, 16 Ala.App. 454, 78 So. 717.

The only answer to the above is Supreme Court Rule 45, adopted after the case of Barnewall v. Murrell, supra, which provides that no judgment may be reversed, etc., * * * unless, in the opinion of the court, to which the appeal is taken, or application made, *after the examination of the entire cause* (italics mine), it should appear that the error complained of has probably injuriously affected the substantial rights of the party."

[3] Ante, p. 433.

[4] Ante, p. 499.

In the first place, the action of the presiding judge has placed it beyond the power of the appellate court *to examine the entire cause*. By the exception taken to the refusal of the presiding judge to pass upon certain charges requested, it is made to appear that the entire cause is not before us. Again, the error complained of has injuriously affected the substantial rights of defendant; in that, it has denied him the statutory right to have these charges passed upon.

If the rule is as announced by the majority, then a trial judge may set aside a mandatory statute, and avoid a reversal of the cause, because of the very error which he has committed.

I have read the recent case of Morris v. State (Ala.Sup.) 175 So. 283,[5] in which it was held in an opinion by Anderson, Chief Justice, that the failure of the jury to take a charge marked given by the trial judge into the jury room was error without injury. Upon a close reading of this opinion, I find nothing in conflict with what I have said.

In my opinion, this judgment should be reversed.