57 So.2d 125

COTTON v. STATE.

8 Div. 36.

Court of Appeals of Alabama.

Feb. 19, 1952.

Chas. A. Crute, Huntsville, for appellant.

Si Garrett, Atty. Gen., L. E. Barton, Asst. Atty. Gen., and Chas. C. Carlton, Montgomery, of counsel, for the State.

**CARR, Presiding Judge.**

The indictment in·this case charges murder in the first degree. The trial resulted in a conviction of manslaughter in the first degree and the imposition of a sentence of five years in the state penitentiary.

The State anchored the prosecution on the doctrine of conspiracy.

According to its evidence Roosevelt Eason, Mack Wood, and the appellant entered into a conspiracy to take the life of Leroy Cotton. The latter was the husband of the appellant. Roosevelt carried out the plan or plot by fatally cutting the deceased with a pocket knife.

Concerning the formation of the claimed conspiracy and the progress of its execution, the State relied primarily on the testimony of Roosevelt. However, this evidence was sufficiently corroborated by testimony of other witnesses to meeet the demands of the statute. Title 15, Sec. 307, Code 1940.

In this aspect some of the investigating officers gave account of statements the appellant made to them soon after the homicide. From these declarations it could have been reasonably inferred that the defendant had some part in the plan to kill her husband. Harris v. State, 32 Ala.App. 519, 27 So.2d 794; Collins v. State, 250 Ala. 58, 33 So.2d 18.

According to the testimony of Roosevelt the plan to kill the deceased was first suggested at a table in a dance hall where each of the indicated conspirators was present. Nothing was said at the time with reference to the means or method by which the life of the decedent should be taken.

This meeting was two or three weeks prior to the actual homicide.

In the statement the appellant made to the investigating officers she related circumstances incident to an occasion when an effort was made to poison her husband. She admitted having a part in this plan.

It appears that at a card game in her house the deceased was given some rat poison in a drink of whiskey. He became sick and vomited. This apparently prevented a serious effect.

This occurrence was about two weeks prior to the homicide.

Appellant's attorney objected to the introduction of the statement on the grounds: General; proper predicate not laid; too remote; and it was established that the killing was with a knife and not by poisoning.

The usual and customary predicate was laid for the introduction of the confession.

In the matter of a conspiracy, it is not required to prove that the prearrangement existed for any definite length of time prior to the commission of the offense in consummation thereof. Morris v. State, 146 Ala. 66, 41 So. 274; Pruett v. State, 33 Ala.App. 491, 35 So.2d 115.

In the very nature of things, it may require a longer period in one case than in another.

There is no evidence in the case at bar that the original plan to kill the decedent was ever abandoned or repudiated by the conspirators.

In the case of Williams v. State, 81 Ala. 1, 1 So. 179, 182, the Supreme Court held: "It necessarily follows that, where one person combines with another to do an unlawful act, he impliedly consents to the use of such means by his confederate as may be necessary or usual in the successful accomplishment of such an act. The more flagrant and vicious the act agreed to be

done, the wider is the latitude of the agency impliedly conferred to execute it."

■ It is a familiar doctrine of the law of conspiracy that, if two or more persons enter into a plan or common confederation to accomplish some unlawful act, everything said or done by one of the participants in pursuance of the original plan and relating to the common object or purpose is the act of all. Crawley v. State, 15 Ala. App. 327, 73 So. 222; Collins v. State, 138 Ala. 57, 34 So. 993.

■ The above authorities sustain our view that the evidence of instant concern was admitted without error.

Under the general heading "Refused Charges" the record discloses this notation:

■ "Charges #2 thru #12 refused because not requested until after the arguments in the case had been completed and the Court had begun its oral charge. (Rule of Court No. 12)

"Elbert H. Parsons Circuit Judge."

The indicated charges are set out and each bears the endorsement "refused" and the name of the trial judge.

In the case of Jackson v. State, 24 Ala. App. 601, 139 So. 576, the trial judge refused certain written charges with the notation "as coming after the completion of the oral charge." We held that the mandates of Sec. 9509, Code 1923, now Title 7, Sec. 273, current code, did not permit the refusal of the instructions for the reason indicated.

Prior to March 1937 the judges of the tenth judicial circuit adopted a rule by which they sought to give the trial judge the right to limit the number of written instructions.

In answer to a certified question by this court to the Supreme Court, the latter tribunal held in Porter v. State, 234 Ala. 11, 174 So. 311, that such a rule was in violation of the provisions of the code section cited supra.

See also, Glenn v. State, 27 Ala.App. 433, 174 So. 315; Porter v. State, 27 Ala.App. 441, 174 So. 313; Lee v. State, 27 Ala.App. 568, 176 So. 828.

We are compelled, therefore, to review the refused charges on the basis of their legal accuracy, independently of the reason the nisi prius court gave for their refusal.

Charge number 2 is abstract. The defendant did not testify in the case. The evidence in her behalf which related to an alibi was directed to the night of the homicide. This left out of account the theory of a conspiracy.

■ Abstract written charges are properly refused. 6 Alabama Digest, Criminal Law, ☞813.

■ Charge number 3 is no longer approved by our courts. See Brown v. State, 33 Ala.App. 97, 31 So.2d 670, and cases therein cited.

■ The conviction of the accused did not depend on circumstantial evidence. Therefore charge number 4 was properly refused. Davis v. State, 8 Ala.App. 147, 62 So. 1027; Brown v. State, supra; Ledbetter v. State, 34 Ala.App. 35, 36 So.2d 564.

The same is true of charge number 7.

■ Charge number 5 directs the term "without the knowledge, connivance, or assent of this defendant" to the actual, fatal cutting of the deceased. On the theory of the prosecution it was the knowledge of the conspiracy and not necessarily knowledge of facts incident to the killing that was of concern. Collins v. State, 250 Ala. 58, 33 So.2d 18.

Refused instructions numbered 6 and 12 are not predicated on the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179; Knighten v. State, 35 Ala.App. 524, 49 So. 2d 789.

Charges numbered 8 and 11 were substantially covered by the oral charge of the court. Title 7, Sec. 273, Code 1940; Gettings v. State, 32 Ala.App. 644, 29 So.2d 677.

■ Under the evidence the general affirmative charge was properly refused.

There was no error in the action of the court in overruling the motion for a new trial.

The judgment below is ordered affirmed.

Affirmed.