60 So.2d 708

### MOORE v. STATE.
### 7 Div. 137.

Court of Appeals of Alabama.
Aug. 26, 1952.

Rehearing Denied Oct. 7, 1952.

552

Wm. C. Bibb and Wilkes C. Robinson, Anniston, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., and Robt. P. Bradley, Montgomery, of counsel, for the State.

CARR, Presiding Judge.

The appellant, Fayette Moore, was indicted for the offense of murder in the first degree. The trial of the cause resulted in a conviction for manslaughter in the first degree.

After the trial judge had concluded his oral charge to the jury, appellant's counsel tendered three written instructions, num-bered 1, 2, and 3. The judge refused to consider these charges because the tender came after the oral charge and this was contrary to a rule which had been adopted by the court. The rule provided that the court would not pass on any written charges that were presented after the oral charge.

Counsel for appellant excepted separately and severally to this action. The three indicated instructions appear in the record.

Title 7, Sec. 273, Code 1940 provides in part:

"Charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written; and it is the duty of the judge to write 'given' or 'refused,' as the case may be, on the document, and sign his name thereto; which thereby becomes a part of the record."

Prior to March 1937 the judges of the tenth judicial circuit adopted a rule by which they sought to give the trial judge the right to limit the number of written instructions. In answer to a certified question by this court to the Supreme Court, the latter tribunal held in Porter v. State, 234 Ala. 11, 174 So. 311, that such a rule was in violation of the provisions of the code section cited supra.

See also, Glenn v. State, 27 Ala.App. 433, 174 So. 315; Porter v. State, 27 Ala.App. 441, 174 So. 313; Lee v. State, 27 Ala.App. 568, 176 So. 828; Jackson v. State, 24 Ala. App. 601, 139 So. 576.

In the state of the instant record we must determine whether or not the refusal to consider the three indicated charges affected the substantial rights of the accused; that is to say, whether or not he was injured by this action of the court. Collins v. State, 27 Ala.App. 499, 176 So. 219; Cotton v. State, ante, p. 418, 57 So.2d 125.

Charges 1 and 2 were substantially covered by the court's oral charge. Title 7, Sec. 273, Code 1940; Gettings v. State, 32 Ala.App. 644, 29 So.2d 677.

Charge number 3 was not. It is:

"The charge of murder includes a charge of assault, and if you are not convinced from the evidence in this case beyond all reasonable doubt that

the Defendant is guilty of murder or manslaughter, but are so convinced that he was guilty of an assault, you may convict him of assault."

Title 15, Sec. 323, Code 1940 provides:

"When the indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto or of an attempt to commit the offense charged; and the defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a felony, or a misdemeanor."

Under the provisions of this statute it has been held that assault is included within an indictment for murder. Keel v. State, 29 Ala.App. 191, 194 So. 416; Duncan v. State, 30 Ala.App. 356, 6 So.2d 450.

■ It is a legal truism that it is not error to refuse a charge that is abstract as applied to the evidence in the case. Doughty v. State, 228 Ala. 568, 154 So. 778; Brooks v. State, 248 Ala. 628, 29 So.2d 4.

The killing in the case at bar occurred at night outside a house where dancing and gambling had been in progress. There were other persons, unknown to appellant, who were participating in the shooting.

The evidence is susceptible of doubt as to which of these persons actually inflicted the wound that caused the death of the decedent, Herbert Harris.

The defendant testified in part:

"And when I got down there I couldn't see nothing but fire from the reflection of the firing down there, and being as I had a gun I started shooting, and about that time there was a bunch up there by the car; I saw Big Ace around there and a whole flock of others, but he was already down when I started shooting, he was already laying down, I never did see him."

There was other testimony which tended to direct the blame for the killing on some person other than the appellant.

The evidence does not support any factual theory of conspiracy or aiding and abetting on the part of the accused. Clearly what he did was without concert with any other person.

From time to time our appellate courts have received cases in which a factual doubt arose as to the cause of decedent's death; that is to say, whether or not death resulted from the wound inflicted by the accused.

Such a situation is found in Daughdrill v. State, 113 Ala. 7, 21 So. 378, 387. In reviewing the propriety of the refusal of a written charge the court observed:

"That fault is that (sic) an absolute acquittal is demanded if it should appear that the wound did not cause the death of Bates, though it was entirely open to the jury, had they found that the doctors and apothecaries, and not the defendant, killed Bates, to have convicted the defendant, under this indictment, of an assault with intent to murder."

In the fairly recent case of Duncan v. State, supra, this court reversed a judgment below because the trial judge refused to charge the jury on the doctrine of manslaughter in the second degree and assault and battery.

In response to a review of the action of the court in refusing the latter instruction we pointed out that there was a dispute in the evidence as to whether or not "the defendant was the guilty agent who produced or contributed to the death of the deceased."

In this state of the factual record we held that the defendant might be guilty of assault and battery and this lesser offense should have been submitted to the jury.

See also, Thomas v. State, 125 Ala. 45, 27 So. 920; Beason v. State, 5 Ala.App. 103, 59 So. 712; McWilliams v. State, 12 Ala. App. 92, 67 So. 735.

■ We are forced to the conclusion that the evidence in the instant case compelled the submission of the offense of assault to the jury.

It is ordered, therefore, that the judgment below be reversed and the cause remanded.

Reversed and remanded.