# CASES

IN THE

# SUPREME COURT OF ALABAMA

NOVEMBER TERM 1907-1908.

## Raymond *v.* The State.

*Larceny.*

(Decided Feb. 6, 1908.   45 South. 895.)

1. *Evidence; Admission by Accused; Silence of Accused.*—Unless the statement was of such a character as to call for a reply and made under circumstances giving the accused a right to deny the charge made, accused's silence is not evidence against him as an admission of the truth of the statement made in his presence.

2. *Same.*—The mere fact that accused is under arrest at the time he failed to deny the truth of an incriminating statement made by one to him does not render the implication of guilt arising from his silence inadmissible in evidence, since the mere fact that a defendant is under arrest when he makes a confession does not render such confession inadmissible, and since silence is in the nature of an admission.

3. *Same.*—It was competent to permit a witness to state, in response to a question as to what prosecutrix said in the presence of the accused, that she stated that accused was the man and that the property found was hers as such a statement involves such an accusation as will call for a denial.

4. *Same; Appeal; Objections and Exceptions in the Trial Court.*—In order to get the benefit of the ruling of the lower court and to put the court in error one must show the matters and errors complained of in his bill of exception, as this court does not presume error; and hence where a witness in a criminal prosecution was permitted to state that the prosecutrix in the presence of the accused made a charge against accused, a general objection to the question and a motion to strike the answer are not sufficient to present for decision the question whether or not the answer was not followed by proof that accused is silent under the charge.   (McClellan, J., dissenting.)

APPEAL from Jefferson Criminal Court.

Heard before Hon. D. A. GREENE.

George Raymond, alias, etc., was convicted of larceny from the person, for taking a pair of gloves, a money purse, and money from Harriet E. Hewitt, and he appeals. Affirmed.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney General, for the State.

TYSON, C. J.—It is undoubtedly the law that the silence of the defendant is not competent evidence against him, as an admission of the truthfulness of a statement of another made to him or in his presence, unless the statement was of such a character as to call for a reply by him; and it must also appear that the accusing statement, made to him or in his presence, was under such circumstances that he had a right to deny the truthfulness of the charge made against him. But the fact alone that defendant was under arrest at the time the incriminating statement was made calling for his denial does not, in this jurisdiction, render the implication of guilt from his silence inadmissible as evidence. His failure to speak, in denial of the truthfulness of the accusation or of a statement involving an accusation of guilt, is in the nature of a confession; and this court has uniformly held that the mere fact that the accused is under arrest at the time of his making a confession does not render it inadmissible.—*McElroy v. State,* 75 Ala. 9, and cases there cited. For a full discussion of this question (which meets with our approval), see *Kelley v. People,* 55 N. Y. 565, 14 Am. Rep. 342; 2 Wigmore on Evidence, p. 1258, § 1072.

It can scarcely be doubted that the statement of Mrs. Hewitt, made in the presence of the defendant, involved such an accusation of him as being the person who

snatched her purse from her as called for a denial by him of its truhtfulness; and in order to establish the factum of defendant's silence it was of course first necessary to introduce in evidence the statement made to him or in his presence to another. To this end the question objected to was permitted to be asked, and the answer to the question admitted in evidence. Neither the question or the answer was subject to the objections interposed, which were upon the grounds of illegality, irrelevancy, incompetency, and immateriality. Both question and answer were clearly legal; and the answer, as evidence, was not only competent but relevant and material.

Just how the court can be put in error for not sustaining an objection to a proper question and an answer thereto we are unable to comprehend; and just how error has been made to affirmatively appear, as required before a reversal can follow, we are unable to see. By no known rules that we are aware of can it be held that the trial court's ruling, which was correct when made, be made the predicate for error, in the absence of some further step by the defendant, taken in the court below, predicated upon proper grounds. If defendant perceived that the statement of Mrs. Hewitt should have been followed up by the showing that he did not deny it, he should have properly presented the point in the court below, and not contented himself with reserving exceptions to the overruling of his objections to legal and competent testimony. In short, he should have put the court in error, and shown the error by his bill of exceptions. We certainly cannot presume it.

We have said this much in answer to the suggestion that the record does not affirmatively show that defendant made no denial of Mrs. Hewitt's accusation—a question, in our opinion, not presented for consideration by

[Raymond v. The State.]

the record. There is no merit in the remaining exceptions reserved.

Affirmed.

HARALSON, DOWDELL, ANDERSON, and DENSON, JJ., concur.

McCLELLAN, J. (dissenting.)—The question considered by the court, and to which the dissent is taken, is presented by this extract from the bill of exceptions: "The state then asked the witness (Nix) the following question: 'State what Mrs. Hewitt then and there said in the presence of the defendant.' To this question the defendant objected, upon the ground that it called for illegal, irrelevant, incompetent, and immaterial testimony. The court overruled, and the defendant then and there duly excepted. The witness answered that defendant was the man, and pocketbook and other things were her property. The defendant moved to exclude said answer, upon the ground that the same was irrelevant, immaterial, and incompetent testimony. The court overruled, and the defendant then and there duly excepted." This closed the testimony of the witness Nix, and no effort was made to show whether the defendant remained silent or not, when naturally he would have, if unjustly accused, denied the charge directly made in his presence; and it is worthy of mention that, though Mrs. Hewitt testified on the trial, she did not identify defendant as the guilty party. It was left for the witness quoted to afford testimony of her identification.

The quotation from the record itself demonstrates that the court errs unjustifiably in its conclusion that the retention in evidence of the answer to the question propounded was not specifically raised and is not pre-

sented for review. The motion to exclude was over-ruled, and exception reserved; and, while the court says that the defendant should have properly presented the point in the court below, it does not intimate by what method he could have more pointedly done so than by his motion to exclude. The general rule for the admisson of testimony of silence of a party to be affected—which is in the nature of a confession—is stated in *Peck v. Ryan,* 110 Ala. 336, 17 South. 733. The evidential fact is the silence of the party to be affected. The statement made in his presence is only the predicate for the created duty to deny, if he would escape the implication his silence may afford. The quasi confession of the party, not the declaration made in his presence, which serves solely to raise, it may be, the obligation to deny if he is unjustly accused.

As indicated, the point of dissent is that the declaration is palpable hearsay and wholly inadmissible, unless it is accompanied with testimony of the silence of the party or other conduct capable of an implication to his prejudice. Independent of and disassociated from evidence of the silence or other conduct of the party, the statement raising, the jury may find, the obligation to deny, is inadmissible under the hearsay rule. The identical point has been decided by this court in *Martin's Case,* 39 Ala. 526, by Stone, J., where it is said: "The declaration of the slave, made in the presence of the defendant, *in connection with. the accompanying fact of the defendant's silence* (italics supplied), was, it seems to us, competent evidence." This announcement is in accordance with the principle stated in Greenleaf on Ev. §§ 197, 198; 16 Cyc. p. 956 et seq.; *Spencer's Case,* 20 Ala. 24; *Wheat v. Croom,* 7 Ala. 349; 2 Wigmore on Ev. § 1071; 20 Cent. Dig. (title Ed.) § 772. In consequence, the question and answer here were not per se admissible,

but could only be rendered so by testimony, tending to show the defendant's silence, or other conduct from which a prejudicial implication might arise. This condition to admissibility was not met, as affirmatively appears from the bill, which purports to contain all the testimony offered by the state. Therefore the motion to exclude the answer upon the ground assigned should have been sustained, since the answer bore to the jury the purest hearsay in unwarranted support of the state's contention that the defendant was the guilty party. If the court seeks to justify its conclusion upon this question by an appeal to the doctrine of error without injury, and the opinion seems to invoke, though it does not expressly assert, that doctrine, upon the ground that, if the defendant denied the accusation, he suffered no injury, then the court not only without justification supplies that recital to those set forth in the bill; but violates the universal rule thus declared in *Terry v. State,* 118 Ala. 86, 23 South. 777: "The admission of illegal or irrelevant evidence in a criminal case, against the objection of the defendant, as we have heretofore held, is reversible error, unless it affirmatively appears that no injury resulted." To assume that which is explicitly denied by the bill of exceptions is a process fraught with serious consequences.

In my opinion, the judgment should have been reversed.