# Lester *v.* The State.

### *Violating Prohibition Law.*

(Decided Dec. 21, 1910.   54 South. 175.)

1. *Evidence; Confessions.*—Confessions to be admissible in evidence must be shown to be voluntary and made without the hope of reward or fear or favor; but the mere fact that they were made to an officer of the law does not render them inadmissible, nor does the fact that the accused while under arrest, in answer to the question put to him by the officer having him in custody makes a confession, render it inadmissible.

2. *Same.*—Where the sheriff had the defendant in custody, charged with the violation of a prohibition law, and asked him several times about his connections with the offense, telling him that they had witnesses who could prove his guilt, and that they had sent a man and bought whisky from him, at the same time stating what witnesses were present when the sale was made, his conduct was such as to create hope of favor or fear of harm in the mind of the defendant as he might confess or deny and rendered any confessions made by him involuntary.

3. *Same.*—Where a confession is once shown to be involuntary, in the absence of evidence showing that the influence eliciting the original confession had ceased, it was improper to permit the sheriff to testify that after the original confession was made, the defendant several times called him to his cell in the jail begging him to help him out, and that within four or five days after the original confession the defendant told him that he had sold the whisky and had other bottles under his arm.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

[Lester v. The State.]

John Lester was convicted of violating the prohibition law and he appeals. Reversed and remanded.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney General, for the State. The court did not err in admitting the confession as it was shown that it was voluntary.—*Spicer v. The State,* 69 Ala. 157; *Dodson v. The State,* 68 Ala. 208. The evidence offered to be introduced by the defendant had no connection with the offense charged, and was of no probative value with reference to the guilt or innocence of the defendant.—*McCormack v. The State,* 102 Ala. 61.

SAYRE, J.—Defendant was convicted of a violation of the prohibition law in Macon county. The sheriff of the county testifying as a witness for the state, deposed in general terms that he made no threats nor offered any inducements to bring about a confession on the part of defendant to which the state proposed to have him testify. But, coming to the details of what had passed between him and the defendant, he said, in substance, that on the day defendant was lodged in jail on the charge to which the indictment related he went to the defendant in his cell, witness remaining on the outside, and asked him several times his connection with the offense, telling him that he had a witness that could prove his guilt, and that he (the sheriff) had sent a man and bought a pint from him—seeming just here to refer to an occasion different from that intended to be covered by the indictment—and telling him what persons were present at the time of the offense for which he was then under arrest. The sheriff further testified that, "I might have said to him it would be better for him to own up to it, that I had the

proof on him, but don't think I did." A little further on in the course of the examination the witness said: "I told him that I had two cases against him. . I told him before he said anything to me that I had the proof that he sold the whisky and asked him about the sale." Under these circumstances, the prisoner answered: "Yes, sir; I sold it, and want to get out of it." The settled rule of this court is that confessions are prima facie involuntary, and can be rendered admissible only by showing that they are not constrained by hope or fear. The mere fact that a confession is made to an officer of the law does not render it inadmissible, nor does the mere fact that the defendant, while under arrest, makes a confession in answer to questions put to him by the officer having him in custody. The question, to be decided by the trial judge in every case, is whether, upon consideration of all the circumstances, the confession had been induced by fear or hope of favor. These propositions may be found stated in *Redd v. State*, 69 Ala. 255, and many other cases. Assuming that the sheriff did not say to the prisoner that "it would be better for him to own up," in so many words, the question put to the prisoner, in connection with the circumstances noted, amounted to an invitation to confess or a challenge to deny, and operated no doubt to create some hope of favor or fear of harm as he might confess or deny. The prisoner's answer had a similar tendency. The confession did not appear to have been the voluntary expression of the defendant, and should have been excluded. And so the trial court ruled. But it was shown by this same witness that, during the course of the next four or five days after the occasion of the confession which had been excluded, the prisoner told him that he had sold the whisky to the boys and had other bottles under his arm. Witness further testified:

[Sapp v. The State.]

"He called me to the cell several times to beg me to help him out. I told him there was nothing he could do until the grand jury met; that he could not settle the case until the grand jury met. He said he wanted me to help him out." To the admission of this last testimony as to defendant's statement in respect to the sale of whisky there was objection on the ground that the statement was not shown to have been voluntary. This objection was overruled. In *Redd v. State, supra,* it is said: So, when a confession has been obtained through the influence of hope or favor, confessions of a similar character subsequently made, as is uniformly held, may be inferred to have originated from the same motive, and, in the absence of evidence to the contrary, showing that the original influence had ceased, or been dispelled, they are inadmissible." And authorities are cited. The state failed in our judgment to meet the demands of the law here laid down, and for the error here shown this case must be reversed.

Other questions reserved will probably not recur. We hardly think any other error has been shown.

Reversed and remanded.

Dowdell, C. J., and Anderson and Evans, JJ., concur.