# McWilliams *v.* The State.

## Assault With Intent to Murder.

(Decided January 21, 1915.   67 South. 735.)

1. *Indictment and Information; Offenses Included.*—Where the indictment charged murder in the first degree, and the evidence showed that defendant shot at a person, but there was no evidence that the latter died in consequence of the wounds inflicted, defendant could be properly convicted of assault with intent to murder, since that offense was included in the indictment within section 7315, Code 1907.

2. *Homicide; Self-Defense; Evidence.*—Where defendant relied on self-defense, a photograph of the alleged decedent taken some time before the difficulty showing him with a drawn pistol in his hand, was not competent evidence.

3. *Same; Instructions.*—An instruction on self-defense which ignores the necessary element of retreat, is properly refused.

4. *Same.*—Charges on self-defense which fail to hypothesize defendant's freedom from fault in bringing on the difficulty, are properly refused.

5. *Assault and Battery; Self-Defense.*—The defense of self-defense to an assault and battery is not complete if defendant fought willingly, notwithstanding he did not provoke the difficulty.

6. *Charge of Court; Undue Prominence to Evidence.*—A charge which singles out and gives undue prominence to parts of the evidence, predicating an acquittal on a consideration of the facts singled out, is properly refused.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

Tom McWilliams was convicted of assault with intent to murder, and he appeals. Affirmed.

The indictment charged that defendant unlawfully and with malice aforethought killed Robert C. De Wees by shooting him with a pistol. The tendency of the state's evidence was to show that defendant shot De Wees with a pistol, but it does not appear from the evidence that De Wees is dead, or that, if dead, he died from the wounds inflicted, although it was shown that he was shot in several places; the wounds being made in various parts of the body. After the evidence for the state was closed defendant's counsel moved to exclude all the testimony offered by the state on the ground that the corpus delicti had not been proven, in that the state had failed to prove the death of De Wees. The state admitted failure to prove death, and the court sustained defendant's motion as to murder or manslaughter in either degree, but overruled the motion as to assault with intent to murder, and as to assault with a pistol, and to this ruling defendant excepted. The defendant's evidence tended to show self-defense. The following charges were refused defendant:

(25) If you have a reasonable doubt of the guilt of defendant of any offense or of any grade of any offense charged or included in this case, then I charge you that you must find defendant not guilty in this case of any offense charged in the indictment.

(26) If you believe from the evidence that the purpose of defendant in returning to the barber shop the night after he had left his coat and hat there was to get his hat and coat, and not for the purpose of bringing on or engaging in a difficulty with De Wees, then the fact of his return to the barber shop was not an unlawful act on his part from which you can infer guilt on the part of defendant, and you cannot convict him.

The opinion sufficiently indicates the infirmities in the other charges named.

BOWMAN & VAUGHN, and S. J. STIGGINS, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General and T. H. SEAY, Assistant Attorney General, for the State.

PELHAM, P. J.—No brief has been filed on behalf of the defendant going to the merits of any question presented by the transcript, but the main proposition which seems to have been insisted upon by the defendant in the trial court, and which is presented for review on the record in several forms, goes to the ruling of the trial court that it was within the province of the jury to find the defendant guilty of an assault with intent to murder, or an assault and battery, although the indictment against him and upon which he was being tried charged murder in the first degree.

The lesser charge was included in the greater, and, although it might be true that, where the uncontradict-

ed evidence shows a homicide to have been the result of the blow struck or wound inflicted, the lesser would be merged in the greater, yet, in a case like this, where the evidence failed to show that death resulted from the pistol shot wound inflicted by the defendant on the person alleged to have been slain, and the court instructed the jury at the request of the defendant that they could not find the defendant guilty of any degree of unlawful homicide, there can be no question of a merger, and, if the evidence, as in this case, is sufficient to support a finding of guilt of felonious assault, then the indictment, including the lesser offense, would authorize a conviction of assault with intent to murder. On a similar principle, it has been held that a conviction for assault and battery may be had under an indictment for rape (*Richardson's Case,* 54 Ala. 158) ; for, although there are no degrees of the offense charged, yet included in it is the lesser charge of assault or assault and battery (*Hutto v. State,* 169 Ala. 19, 53 South. 809). Under the statute (Code, § 7315), a defendant may be found guilty of any offense necessarily included in that which is charged, whether it be a felony or a misdemeanor.—*Sankey v. State,* 128 Ala. 51, 29 South. 578.

The photograph of the person alleged to have been slain, taken some time before the difficulty in question, showing him with a drawn pistol, that was offered in evidence by the defendant, could have had no legitimate tendency to prove or disprove any issue before the court, and the court properly sustained the solicitor's objection to its introduction in evidence. Other rulings of the court on the evidence are manifest without error and require no particular mention or discussion.

The general charge requested by the defendant was properly refused, and the question of the defendant's

guilt of an assault with a weapon, or assault with intent to murder, submitted to the jury on the evidence, which was ample to support a conviction of the offense for which he was convicted.

Charge 13 requested by the defendant in writing was covered by written charge 12 given at his request.

The evidence without conflict shows that the defendant shot and inflicted serious bodily harm on the person alleged in the indictment to have been slain, and, if the evidence fell short of showing death as a result of the wound, there was an abundance of evidence to support a finding that the act was committed in an attempt to commit murder with an intent to do so. The reliance of the defendant was based on showing that he acted in self-defense. Refused charges 14, 18, 19, and 27 each ignore the indispensable element of retreat necessary to the defense of one who would seek to excuse a homicide or an attempt to commit one. As applied to a nonfelonious assault, these charges, under the evidence of this case, are abstract, and bad in failing to negative that the defendant fought willingly at the inception of the difficulty. The defense in an assault and battery case would not be complete, although the defendant did not provoke the difficulty, if he fought willingly.—*Howell v. State,* 79 Ala. 283; *Harris v. State,* 123 Ala. 69, 26 South. 515.

Charge 15 fails to hypothesize defendant's freedom from fault in bringing on the difficulty.—*Gilmore v. State,* 126 Ala. 38, 28 South. 595; *Rose v. State,* 144 Ala. 114, 42 South. 21. Besides, it is otherwise faulty.

Charge 25 is patently bad. Under its instruction, if the jury did not believe the defendant guilty of murder in the second degree, or manslaughter, they could not find him guilty of an assault with intent to murder.

[Wilson v. The State.]

Charge 26 singles out, and gives undue prominence to, a part of the evidence, and predicates an acquittal on a consideration of the isolated fact singled out.

From what has been said, it will appear without further discussion that there was no error committed in the refusal of the other written charges set out in the bill of exceptions as refused to the defendant.

We find no error in the record, and the judgment appealed from will be affirmed.

Affirmed.