## McADAMS v. STATE.  (7 Div. 707).

Supreme Court of Alabama.   June 18, 1927.

Rehearing Denied Oct. 27, 1927.

1. **Criminal law** ⬅︎577—**Defendant indicted, arraigned, and put to trial within six days after arrest, held not entitled to complain of speed, absent showing of prejudice.**

Defendant, arrested on November 16th, indicted and arraigned on the 17th, and put to trial on the 22d, *held* not entitled to complain of speed of such proceeding, absent any showing of prejudice.

2. **Criminal law** ⬅︎519(1)—**Confession is not involuntary because made after arrest or while in custody of sheriff or in response to questioning.** '

The mere fact that a confession is made after arrest in custody of sheriff or other officer of the law does not make it involuntary, even though made directly to officer or in response to his questioning.

3. **Criminal law** ⬅︎1219—**Where mode of execution was changed after defendant's conviction and sentence, defendant must be resentenced.**

Where mode of execution was changed from hanging to electrocution after defendant was convicted and sentenced, circuit court must bring defendant before it for resentence.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Frank McAdams was convicted of murder in the first degree, and he appeals. Affirmed.

C. R. Thompson, of Birmingham, for appellant.

The trial was had with too great haste to allow proper preparation of defendant's case. Hampton v. State, 88 Miss. 257, 40 So. 545, 117 Am. St. Rep. 740; Fisher v. State (Miss.) 110 So. 361. The purported confessions by the defendant were improperly admitted. Fisher v. State, supra; Johnson v. State, 107 Miss. 196, 65 So. 218, 51 L. R. A. (N. S.) 1183; White v. State, 129 Miss. 182, 91 So. 903, 24 A. L. R. 699.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

When the record shows no ruling by the trial court, nothing is presented for review. Dickey v. State, 20 Ala. App. 367, 102 So. 239; Sharp v. State, 193 Ala. 22, 69 So. 122. That confession was made while under arrest and in the presence of an officer does not render the confession inadmissible. Martin v. State, 1 Ala. App. 215, 56 So. 3; McDonald v. State, 70 Fla. 250, 70 So. 24. Where facts and circumstances surrounding the making of confessions show that no improper influence induced them, they are prima facie voluntary and admissible. Williams v. State, 4 Ala. App. 92, 58 So. 925; Barr v. State, 7 Ala. App. 96, 61 So. 40.

SOMERVILLE, J. The defendant was convicted of murder in the first degree, with the penalty of death; and on November 24, 1926, the court rendered judgment sentencing him to be hung on December 31, 1926.

[1] Defendant was arrested on November 16, 1926; the indictment was found and he was arraigned on November 17, 1926; and he was put on trial on November 22, 1926. The record shows that the procedure throughout was in compliance with the requirements of the law.

Counsel for defendant complains that such speed in the proceedings leading up to the judgment of conviction was unwarranted, and was unfair, in that it gave defendant and his counsel no time to prepare the case for his defense.

It does not appear, however, that any motion was made for postponement of the trial, nor that defendant was deprived of any benefit or advantage that he might have had if the trial had been at a later date. As to this matter the record presents no question which we can review.

The body of the victim was not discovered until several weeks after his murder, when identification by his facial features had become impossible. But he was sufficiently identified by his figure and clothing, and by other coincidences, to authorize the jury to find that the body was that of the man who had disappeared, and whom defendant was charged with murdering. '

Appellant's chief complaint is that confessions of guilt made by him were admitted in evidence without a proper predicate showing that they were voluntarily made; and it is urged also that the circumstances under which they appear to have been made show that they were not voluntarily made.

[2] We have examined the testimony on this subject with studious care. It shows that the confessions were made without any offer of reward or threat of punishment, or, as the old writers expressed it, "without the flattery of hope or the torture of fear." The facts that defendant was at the time a prisoner, and in the custody of the sheriff or other officer of the law, though circumstances to be considered, do not of themselves render his confession involuntary, even though made in the presence of the officer, or to him directly, and in response to his questioning. Lester v. State, 170 Ala. 36, 54 So. 175; Bur-

---

⬅︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ton v. State, 107 Ala. 108, 18 So. 284; White v. State, 133 Ala. 122, 32 So. 139; Parrish v. State, 139 Ala. 16, 36 So. 1012; Sampson v. State, 54 Ala. 241, 243; Aaron v. State, 37 Ala. 106.

Moreover, the state's testimony showed that defendant was warned as to the meaning and effect of his confession—that he was staring death in the face—and that he nevertheless declared it was the truth, and that he wished to sign it.

We are satisfied that the confessions, oral and written, were properly admitted in evidence.

The record discloses no error prejudicial to defendant, and the judgment will be affirmed.

[3] The mode of execution having been changed from hanging to electrocution since the defendant was convicted and sentenced, it is ordered that the circuit court forthwith bring the defendant before it for resentence according to the provisions of the existing law.

Affirmed.

All the Justices concur.