194 So. 416

**KEEL v. STATE.**

I Div. 357.

Court of Appeals of Alabama.

Feb. 27, 1940.

Granade & Granade, of Chatom, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

At the Fall Term 1936 of the Clarke County Circuit Court, the grand jury found, and returned into open court, an indictment which charged this appellant, and others not on trial, with the offense of murder in the first degree; specifically, that he unlawfully and with malice aforethought, killed Sam McVay alias S. T. McVay, by stabbing him with a knife.

A severance was demanded by Henry Keel, Jr., and granted by the court; and from the record it appears that he was put to trial in said court on the 27th day of April 1939, having interposed his plea of not guilty, in answer to the indictment.

As stated, the indictment charged murder in the first degree. Under Section 8697 of the Code 1923, it was within the province of the jury to find the defendant guilty of any lesser offense included in the greater offense charged. In such charge there are included the lesser offenses of murder in the second degree, manslaughter in the first degree, and also, the second degree, and also assault, and assault and battery. Under the verdict in this case the defendant was convicted of an assault and battery and a fine, and costs of the proceedings was assessed against him. This was permissible, and the jury acted within its province in so doing. McWilliams v. State, 12 Ala.App. 92, 67 So. 735. Failing to pay said fine and costs, or to con-

fess judgment therefor, the court sentenced the defendant to perform hard labor for the county, for the time specified in the Statute; judgment of conviction was pronounced and entered, from which this appeal was taken. The appeal is upon the record proper, there being no bill of exceptions. Included in the record are numerous special written charges, refused to defendant. Also, a motion for a new trial and other matters none of which may be considered on this appeal. Where the appeal is upon the record proper, the only question for our consideration is the regularity of the proceedings of the trial in the court below. We have examined the record and find it regular and without error. It follows, therefore, that the judgment of conviction 'from which this appeal was taken must be affirmed.

Affirmed.