27 So.2d 495

### SMITH v. STATE.
6 Div. 439.

Supreme Court of Alabama.
July 25, 1946.

Rehearing Denied Oct. 24, 1946.

364

E. L. Dodson, of Tuscaloosa, for appellant.

Wm. N. McQueen, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

This is the second conviction of rape and the death penalty for the defendant. The first appeal is reported in 247 Ala. 354, 24 So.2d 546. The defendant was a twenty four year old negro and the victim, a middle-aged white woman.

■ In deference to the insistence of his appointed counsel that a new trial should be granted, we will observe that, although accused denied the charge, the evidence adduced entirely sufficed to warrant the jury's verdict. A little of the evidence will be noticed to sustain this conclusion. Soon after the crime, the accused was apprehended from a very positive identification and description furnished by the victim and, when he was brought before her, she was then, as well as at the two successive trials, certain about the accuracy of this identification. Many other reputable witnesses in the neighborhood also placed him at or near the scene at the time of the attack, and his vacillating assertions, in support of an alibi, to various interrogators after his arrest, together with his suspicious movements on that day, are also strong corroborating factors. To conclude the damaging evidence against him was the testimony of the State toxicological expert that an examination of his undergarment revealed the presence there of semen and a hair of a white person. On these, and other pertinent facts not necessary to detail, the conclusion of guilt reached by the jury will not be disturbed on appellate review.

The insistence is again made that the clothes of the victim, held legal evidence in the first trial (supra, 247 Fla. 357, 24 So.2d at page 548 [11]), were erroneously admitted.

■ It is only when the introduction of garments or other demonstrative evidence would tend to corroborate or elucidate no material inquiry that such articles have been ruled inadmissible and declared prejudicially erroneous if tending to inflame the jury. Boyette v. State, 215 Ala. 472, 110 So. 812; Moore v. State, 30 Ala.App. 552, 557(10), 9 So.2d 146, and cases cited; Kabase v. State, 31 Ala.App. 77, 12 So.2d 758.

■ If, however, it conduces to the proof of some pertinent hypothesis, which if sustained would bear probatively on an issue on trial, such evidence is admissible. 6 Ala.Dig., Criminal Law, ☞404(4); Rollings v. State, 160 Ala. 82, 49 So. 329.

And its admissibility is not to be challenged if such is its effect, though it be only cumulative and have a tendency to inflame the jury. Reedy v. State, 246 Ala. 363(10), 20 So.2d 528; Puckett v. State, 213 Ala. 383(4), 105 So. 211; Robinson v. State, 243 Ala. 684(5), 11 So.2d 732.

■ These principles control the introduction in evidence of the clothing of the prosecutrix and our previous holding, ruling them admissible, is reaffirmed.

Deputy Sheriff Chism testified that while the defendant was under arrest, the following conversation took place between defendant and himself: "I (Chism) asked him the question if he thought that we didn't know that he was guilty of the crime that he was charged with, and he didn't say anything. And, then, I said to him, I says, 'You know that God knows you did it, don't you?' and he says, 'I sure do.' Then, I told him, I says, 'Well, Johnnie B., the best thing that I think you can do is to get down on your knees and tell God about it.' He says, 'I have already prayed to him twice,' and I asked him what he said to the Lord, and he said he told the Lord that if he would get him out of this this time

that he would never do it any more. And that is about the only statement he made that night."

It is argued, with much earnestness, that defendant's statement was confessory and that, although testified by the witness to have been voluntary, the circumstances of its rendition, in fact, show it to have been involuntary.

■ It hardly needs to be restated that, though the defendant was at the time a prisoner and in custody of an officer or officers of the law, while a circumstance to be considered, this of itself does not render a confession involuntary, although made to or in the presence of the officer and in response to his questioning. ' Lester v. State, 170 Ala. 36, 54 So. 175; McAdams v. State, 216 Ala. 659, 114 So. 39.

The circumstances here reveal the statement to have been made by the defendant free from duress or compulsion, or any hope of reward or benefit as respects the crime charged. The witness was alone with defendant and testified that neither did he, nor any one else, "in the defendant's hearing or presence, make any threats against him, or hold out any hope of reward or inducement or promises to him to get him to make a statement."

■ Substantially this same evidence, with a similar predicate, was given consideration in the first case, and it was there held to be proper under the rule that "if a confession is made in response to a promise of collateral benefit, with no assurance of benefit to the defendant in respect to the crime under inquiry, such promise will not suffice to show that the confession was not voluntary when it otherwise appears to be voluntary. McCullars v. State, 208 Ala. 182, 94 So. 55; Curry v. State, 203 Ala. 239, 82 So. 489; Hunt v. State, 135 Ala. 1, 33 So. 329; Huffman v. State, 130 Ala. 89, 30 So. 394." Smith case, supra, 247 Ala. 357, 24 So.2d at page 548(7).

The propriety of this character of evidence has long been sanctioned by uniform decisions of this court, as indicated in the cases noted. If it be conceived that the suggestion of the witness to defendant that God knew he did it and the best thing he could do was "to tell God about it" was such an inducement as to render defendant's reply involuntary, the obvious answer is that this exhortation was no more than of a collateral nature, without any assurance or suggestion of reward for a confession of guilt, and comes clearly within the rule of the announced cases.

■ Also, if the statement of the defendant be regarded as a confession, the inducement could import no more persuasion to the defendant than the usual adjuration to the accused to speak the truth, or the assurance that it would be best or better to tell the truth, and under all the authorities such admonishments have been held not to affect the voluntary character of the confession. Kelly v. State, 72 Ala. 244; Huffman v. State, supra; Curry v. State, supra.

■ These considerations assume the vague statement of the defendant to have been in the nature of a confession of guilt. If not, and the defendant claimed so, contending that he had no reference to the crime charged, the statement could be considered no more than an inculpatory admission of a collateral fact, which need not have been predicated by proof of its voluntariness. Read v. State, 195 Ala. 671, 71 So. 96; McGehee v. State, 171 Ala. 19, 55 So. 159; Whitehead v. State, 16 Ala.App. 427, 78 So. 467.

■ We are persuaded after deliberate consideration, despite the cogent argument of counsel to the contrary, that no error or prejudice to the defendant intervened by the introduction of the alleged statement.

■ Right to reversal is also rested on a certain portion of the solicitor's argument to the jury. The argument was, "We live in a free country, gentlemen of the jury. We live in the South. You had rather live here than anywhere else on the face of the earth. Why? Because we have succeeded in preserving the kind of institutions that you like; the kind of institutions that our forefathers fought for. Do you still want them to be pre-

served?" We fail to perceive the prejudicial effect of this argument or its illegal tendency. Such remarks were well within the range of legitimate forensic discussion, and cannot be pronounced improper.

Moreover, objection to it was not made until the conclusion of the trial, after the judge had charged the jury and just before the jury prepared to retire to consider the case. This was too late. Unless the remark be so grossly prejudicial and improper that retraction or rebuke by the court cannot eradicate the harm, which was not the case here, an appropriate ruling must be seasonably invoked when the utterance is made in order to preserve the point for review. Anderson v. State, 209 Ala. 36, 95 So. 171; Birmingham Nat. Bank v. Bradley, 108 Ala. 205, 19 So. 791; Birmingham Ry., Light & Power Co. v. Morris, 163 Ala. 190, 50 So. 198; King v. State, 17 Ala.App. 536, 87 So. 701.

We have given the entire case our painstaking and studious consideration in connection with the briefs and argument of counsel and are convinced the trial proceeded without error. The judgment is due to be affirmed and it is so ordered.

Affirmed.

All the Justices concur.