29 So.2d 4

## BROOKS v. STATE.

### 5 Div. 420.

Supreme Court of Alabama.
Jan. 23, 1947.

R. C. Wallace, of LaFayette, for appellant.

630

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

The defendant was convicted of murder in the first degree and received the death penalty. A similar conviction on the same indictment at a former trial was set aside by the trial court for some error not apparent from the present record.

■ We have carefully examined the evidence and are convinced that it was sufficient to take the case to the jury and warrant the verdict returned. The rule is settled that the corpus delicti may be established by circumstantial evidence and need not be proved by direct or positive testimony. Ala.Dig., Criminal Law, ☜563.

While no one saw the actual shooting, witnesses heard the report of the gun and immediately thereafter saw the defendant standing about three feet from the doorway of the deceased's bedroom with shotgun in hand. The deceased, in his nightclothes, was standing by the door and bleeding, with shot wounds visible on his body. There were blood and particles of flesh over the room, including the ceiling. No one else appears to have been present when the shooting occurred. The defendant's wife, who had evidently fled from him and, to escape, had hidden in a closet of the room, was later found there by the witnesses who immediately appeared on the scene after hearing the report of the gun. The inference—in fact, the only reasonable inference deducible from these facts and circumstances—was that the defendant fired the shot which killed the deceased.

■ Likewise, the circumstances strongly indicated that the deceased was shot unawares, while in his bed, and the jury was authorized to draw such an inference, thus disentitling the defendant to the affirmative instruction on the murder charge. Where the evidence is of a substantial nature or furnishes reasonable inferences, tending to prove the material issues in the case, the affirmative charge should not be given. Hargrove v. State, 147 Ala. 97, 41 So. 972, 119 Am.St.Rep. 60, 10 Ann.Cas. 1126; Blue v. State, 246 Ala. 73, 19 So.2d 11.

■ The conviction is challenged as erroneous because one person listed on the special venire failed to appear and the defendant objected to going on trial in his absence. We have a statute which answers this contention. The venireman had not been excused from appearing and, whether summoned or not, his failure to appear was no ground for a continuance or for quashing the venire. Code 1940, Title 30, § 67.

During the cross-examination of a State's witness, the court first refused to allow the defendant to prove that the deceased was afflicted with diabetes. Later, however, this ruling was changed and the defendant was permitted to freely cross-examine this witness, and another, as well, on the proposition, after which in his general oral charge the court properly charged the jury on the apposite principles of law as respects the criminal liability of another for feloniously inflicting wounds causing death, etc. For pertinent authorities, see Ala.Dig., Homicide, ☜5, 175.

■ Counsel for appellant argues that the comment of the court (appearing in the report of the case), when the first ruling

was made refusing the defendant permission to so cross-examine the State's witness, was erroneous and so prejudicial as to render ineradicable the injury to the defendant, but we are persuaded that this position cannot be sustained by the record. The remarks were mere reasons given for the ruling and it is clear to us that if this initial ruling was error—which we do not decide—it was fully cured by the later ruling and charge of the court. Ala.Dig., Appeal and Error, ☞1058(2).

■ The defendant fled and was apprehended in a foreign state about six years subsequent to the alleged crime. After arrest and while in custody of the officers, he made some inculpatory statements in the nature of a confession with reference to the shooting. These statements were proven to have been voluntary and the circumstances of their rendition indicated as much. Though defendant was a prisoner at the time and in custody of the officers of the law, while a circumstance to be considered, this of itself did not render the confession involuntary or inadmissible though made to or in the presence of such officers and in response to their questioning. Smith v. State, ante, p. 363, 27 So.2d 495(5); Lester v. State, 170 Ala. 36, 54 So. 175; McAdams v. State, 216 Ala. 659, 114 So. 39.

■ Neither was the confession rendered inadmissible merely because the officers to whom it was made were armed. There was no display of such arms and no use made of them to induce the defendant to confess. McElroy v. State, 75 Ala. 9; Flanigan v. State, 247 Ala. 642, 25 So. 2d 685.

■ Nor was the questioning of the suspect while in custody of the law officers prohibited under the Fourteenth Amendment to our federal Constitution. Phillips v. State, ante, p. 510, 28 So.2d 542.

The statements of the defendant made to the sheriff and the deputies while under arrest were admitted in evidence without error.

■ It is insisted for the defendant that the court erroneously refused special written charges 8 and 18 to the effect that assault with intent to murder and assault and battery were included in the indictment. Duncan v. State, 30 Ala.App. 356, 6 So.2d 450, 454, is cited as sustaining authority. As pointed out in the Duncan case, such charges assert correct principles of law and should be given if the evidence affords a hypothesis for such instructions.

On the contrary, if the proven facts and circumstances afford no inference to support such a charge, instructions to this effect are regarded as inapposite and will be refused as abstract.

■ In the case now under review, the evidence and the inferences reasonably arising therefrom furnish no hypothesis for such instructions. There was not the slightest tendency in the evidence that the death of deceased resulted from any cause other than the mortal wounds inflicted by the defendant. The charges on assault, therefore, were properly refused. Duncan case, supra; Daughdrill v. State, 113 Ala. 7, 35, 21 So. 378; Thomas v. State, 125 Ala. 45, 27 So. 920; McWilliams v. State, 12 Ala.App. 92, 67 So. 735.

■ ■ We will not discuss in detail the remaining requested charges refused to the defendant. They were either improper statements of the applicable law or were fairly and substantially covered elsewhere in the charge of the court, thereby rendering their refusal harmless. Code 1940, Title 7, § 273.

■ We also entertain the opinion that there was no error in the overruling of the motion for a new trial. As hereinabove observed, two juries had returned the same verdict and assessed the same penalty. The punishment was within the limits fixed by the law and was supported by sufficient evidence apparently credited by the jury and the trial court. In view of the presumption favoring the correctness of the trial court's ruling on such motion, we find no warrant to here disturb it.

Consistent with our duty under the law in such cases, we have carefully reviewed the entire record. The defendant was represented by able counsel (appointed by the court), who defended his case with skill and diligence in every phase of the pro-

632

ceedings. No prejudice to any substantial right of the defendant is made to appear and the judgment must be affirmed.

Affirmed.

All the Justices concur.