75 So.2d 135

Gerald D. MOORE

v.

STATE of Alabama.

6 Div. 532.

Supreme Court of Alabama.

Aug. 30, 1954.

Rehearing Denied Oct. 28, 1954.

LeMaistre, Clement & Gewin and E. D. McDuffie, Tuscaloosa, for appellant.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., for the State.

MERRILL, Justice.

The appellant was tried and convicted of robbery on December 10, 1952, and his punishment was fixed at life imprisonment in the State penitentiary. He gave notice of appeal and seasonably made a motion for a new trial. The motion was duly continued until March 7, 1953, when it was overruled. However, on July 23, 1953, the trial judge changed his order overruling the motion for a new trial and granted same on the ground that a correct transcript could not be had.

This court, acting upon a certificate of the Circuit Clerk of Tuscaloosa County that the trial court had granted the motion for a new trial, abated the appeal on August 6, 1953, 259 Ala. 699, 68 So.2d 923. Code of 1940, Title 15, § 382.

Appellant was again placed on trial on October 7, 1953, but a mistrial was ordered

because of the illness of a juror. Subsequently the state filed a motion to strike and set aside the order of July 23, 1953, granting a new trial to appellant on the ground that the trial court had lost jurisdiction and that the order was void. On January 4, 1954, Judge Warren, the original Trial Judge, granted the motion of the State. This left the defendant without an appeal or a new trial. He then petitioned this court to reinstate his original appeal and we granted the petition because his appeal had been abated by virtue of the void order of the Circuit Court of Tuscaloosa County of July 23, 1953.

■ We have the record and a certified transcript of the testimony before us. The latter is certified by a former court reporter who dated his certificate in Clovis, New Mexico, on March 20, 1953. Whether it is accurate is not before us because it is duly certified by the court reporter who reported and transcribed the testimony.

We have examined this transcript closely and carefully considered the whole record in consultation and we are of the opinion that the defendant is entitled to a new trial. As shown by the dates set out, supra, Judge Warren did not have the transcript of the testimony before him when he denied the motion for a new trial, but evidently he had read it when he granted the motion on July 23, 1953. Even though Judge Warren's order of July 23, 1953 was void, we feel as he must have felt that the ends of justice require that the appellant be granted a new trial.

In view of the fact that the case is going to be retried, we treat the only point which is likely to recur upon another trial.

■ The theory upon which the appellant is charged with robbery is that he was an accomplice of two other principals who were also arrested and convicted. One of these principals was Keith Farley. After they were arrested, Moore was brought into a room and questioned before the Circuit Solicitor and Deputy Solicitor, a court reporter who recorded the questions and answers, and six other men, presumably sheriff's deputies. During considerable questioning Moore denied any participation in the robbery. Then Farley was brought into the room and questioned in the presence of the defendant. While Farley was being questioned, no questions were directed at Moore, but when the questioning of Farley was completed, they resumed the questioning of defendant and again he denied participation in the robbery.

During the progress of the trial the court reporter who was present during the questioning was called as a witness for the State. He had a transcript of the questions and answers as did the solicitor. The reporter was permitted, over strenuous objections by defendant, to read an answer by Farley in which Farley had said, "He (Moore) was to be in the place and he was to give phoney identification afterwards and for that trouble he was to be compensated; Floyd (the other principal) told him two hundred dollars." The reporter further testified that Moore remained silent throughout the questioning of Farley.

This was the strongest evidence connecting Moore with the principals in so far as the robbery was concerned. The other principal, Floyd Fondren, testified for the defendant and said Moore had no connection with the crime.

The statements of Farley, as recorded and read by the reporter, were evidently allowed in evidence under the theory that Moore was being accused by one in his presence and hearing and that by remaining silent he acquiesced in the charge.

In Bob v. The State, 32 Ala. 560, the court said:

"The implication of admission from silence rests upon the idea of acquiescence. The maxim is, 'qui tacet, consentire videtur;' and it never applies, unless an acquiescence in what is said can be presumed. Neither reason nor law will permit the presumption of acquiescence to be drawn from the silence, unless the circumstances were not only such as afforded the party

an opportunity to act or speak, but such also as would properly and naturally call for some action or reply from men similarly situated. * * *."

This Court in Scott v. State, 249 Ala. 304, 30 So.2d 689, 690, said:

"If, however statements tending to incriminate him were made in his presence, were understood by him and were of such character and made under such circumstances as naturally to invite a reply or a denial, and he was so circumstanced as that he should and could refute them, his silence or omission to controvert or explain them renders such statements and the fact of accused's acquiescence or silence in regard to them provable against him. This, under the rule of implied admissions. Clark v. State, 240 Ala. 65, 197 So. 23; Bachelor v. State, 216 Ala. 356, 113 So. 67; Jackson v. State, 213 Ala. 143, 104 So. 220; Jackson v. State, 167 Ala. 44, 52 So. 835; Raymond v. State, 154 Ala. 1, 45 So. 895; Davis v. State, 131 Ala. 10, 31 So. 569; Abercrombie v. Allen, 29 Ala. 281; Sparf v. United States, 156 U.S. 51, 15 S.Ct. 273, 39 L.Ed. 343; 80 A.L.R. 1235 et seq.; 115 A.L.R. 1510 et seq.

"To be admissible the circumstances under which the unrefuted, accusatory statements were made must have been such as, first, would have afforded an opportunity to enter a denial or objection, and second, as naturally would provoke a reply. Raymond v. State, supra; 80 A.L.R. 1250 et seq.; N. III; 115 A.L.R. 1516, N. III.

"Repression of a denial by the accused or his failure to dissent from the accusation is admissible even though he was in legal custody at the time. The mere fact that he was under arrest or in custody of the law does not alone render the testimony inadmissible. That fact deserves consideration as a circumstance under which the accusation was made in determining whether the accused was afforded an opportunity to enter a denial and whether he was naturally called on to do so, but this circumstance alone does not render such evidence incompetent. Spencer v. State, 20 Ala. 24; Raymond v. State, 154 Ala. 1, 45 So. 895; Hardwick v. State, 26 Ala.App. 536, 164 So. 107, certiorari denied, 231 Ala. 151, 164 So. 112. See also Smith v. State, 248 Ala. 363, 27 So.2d 495(5); Phillips v. State, 248 Ala. 510, 28 So.2d 542; Brooks v. State, 248 Ala. 628, 29 So.2d 4; 115 A.L.R. 1517, n. 2(b)."

Applying these rules to the particular circumstances of this case, we think the answers of Farley as read by the reporter were not admissible. This was not the ordinary joint questioning of co-defendants. Moore had been subjected to a long, individual interrogation. Then Farley was subjected to the same lengthy process. When the questioning of Moore was resumed he was not asked if what Farley had said was true or not, nor was he asked whether he denied what Farley had said. Under the particular circumstances surrounding this interrogation we do not think they were such as "would have afforded an opportunity to enter a denial or objection" or "naturally would provoke a reply" as contemplated by the cases on this subject. We think the higher duty here was on the solicitor to question Moore about the accusations Farley had just made than on Moore to speak up, when Farley, and not he, was being questioned.

It is perhaps unnecessary, but for the sake of clarity, we emphasize that the foregoing relates only to the statements made by Farley in defendant's presence and in no way relates to the answers given to the solicitor by the defendant.

The judgment of the circuit court is reversed and the defendant is granted a new trial.

Reversed and remanded.

LAWSON, SIMPSON and STAKELY, JJ., concur.