The defendant was indicted for the first degree murder of Clara Mae Willis. A jury convicted him of manslaughter in the first degree and fixed punishment at ten years' imprisonment. Three issues are presented on appeal: 1. Whether a witness for the State was properly allowed to identify the voice he heard as being that of the defendant; 2. Whether a photograph of the deceased was properly admitted into evidence; and 3. Whether it was error for the trial judge to refuse the defendant's requested instruction on lesser included offenses.
 I
The State's second witness, Roy Pitts, testified over the objection of defense counsel that he heard a voice saying, "Get up, I'm going to beat you some more. I'm not through with you." Defense counsel objected to the admission of this statement on the grounds that the witness never stated that he was "positive" he could identify the voice.
In presenting the predicate for the admission of this statement, the witness testified that he heard "yelling", that he was "pretty sure" he knew the defendant's voice, that after the ambulance arrived he talked with the defendant and the defendant's voice was the same voice he had heard yelling in the apartment. On cross examination, the witness admitted that he had previously told defense counsel that he "couldn't be sure" whose voice he heard. On redirect examination, the witness stated *Page 349 
that after he heard the "yelling" and, after he talked with the defendant, the voice "sounded like" the defendant's.
 "The law does not require absolute or positive knowledge or perfect recollection in a witness. His knowledge is sufficient if he had an opportunity of personal observation and did get some impressions even if his recollection is faint." C. Gamble, McElroy's Alabama Evidence, Section 115.01 (1) (3rd ed. 1977).
Consequently, a witness, who has had an opportunity to observe (sees, hears, feels, tastes, or smells, Fox v. Order of UnitedCommercial Travelers of America, 192 F.2d 844 (5th Cir. 1952)) the facts concerning which he is to testify, may testify on his "belief", his "best recollection", his "impression", his "opinion", or his "understanding". A witness may also testify that something "looked like" or "seemed like" something.McElroy, §§ 115.01 (2).
 "When it appears that the witness had an opportunity to observe the facts about which he offers to testify, and that his testimony signifies only imperfect observation or imperfect recollection, there is no valid objection to admitting the testimony.
 "If, on the other hand, it appears that the witness had no opportunity to observe the facts, his thoughts, beliefs and the like are, of course, inadmissible for the reason that he lacks the requisite knowledge." McElroy, § 115.01 (1).
Here the witness was shown to have a proper basis of knowledge to be allowed to testify. That his knowledge was imperfect went to his credibility rather than the admissibility of his testimony.
 II
A photograph of the deceased was admitted into evidence through the testimony of an attending physician who testified that the photograph accurately and correctly depicted the head of the victim as he first saw her in the hospital emergency room after her wounds had been cleaned. The photograph was relevant and was properly admitted into evidence. Robinson v.State, 342 So.2d 1331 (Ala.Cr.App. 1977); Arnold v. State,348 So.2d 1092 (Ala.Cr.App.), cert. denied, 348 So.2d 1097 (Ala. 1977); Peterson v. State, 350 So.2d 771 (Ala.Cr.App. 1977).
 III
We find no error in the refusal of the trial judge to instruct the jury on the lesser included offenses of assault and battery and assault.
A neurosurgeon testified that the cause of death was "brain contusions and brain lacerations" which were caused by a "firm and hard, but not metallic or sharp" instrument. He further stated that the victim would "have had to have fallen down stairs for day" in order to sustain the injuries she exhibited.
A pathologist testified that death was caused by a massive head injury which was probably "done by a heavy object, solid" or a blunt instrument. He testified that while the injuries could have been caused by "her falling down a flight of stairs, hitting her head several times on each stair", in his opinion "the lady was hit in the head with something".
There was evidence that the defendant hit Mrs. Willis in the head with a brick. There was no evidence that she fell down any stairs although there was evidence that she was intoxicated.
The rule is that, under an indictment charging first degree murder, a charge that assault and assault and battery are included in the indictment should be given if the evidence affords a hypothesis for such instructions. However, if the proven facts afford no inference to support such a charge, the instructions to this effect should be refused as being abstract. Brooks v. State, 248 Ala. 628, 29 So.2d 4 (1947);Moore v. State, 36 Ala. App. 551, 60 So.2d 708 (1952). What the court stated in Brooks holds true here:
 "In the case now under review, the evidence and the inferences reasonably arising therefrom furnish no hypothesis for such instructions. There was not the slightest tendency in the evidence that *Page 350 
the death of deceased resulted from any cause other than the mortal wounds inflicted by the defendant. The charges on assault, therefore, were properly refused." Brooks, 248 Ala. at 631, 29 So.2d at 7.
While there was evidence that the deceased did not die until the day after she was struck by the defendant and that some of the innumerable wounds to her body were several days old, there was no evidence that death was caused by anything other than a massive head injury inflicted by a blunt instrument. While one doctor testified that the injuries could have resulted from a fall down a flight of stairs there was no evidence that the victim fell down any stairs. The proven facts and reasonable inferences therefrom allow only the conclusion that the victim was killed by the blow or blows delivered by the defendant.
We have searched the record for error and, finding none, affirm the judgment of the circuit court.
AFFIRMED.
All Judges concur.